UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                          )
                                                )
SCOTT S. AUSTIN, and                            )    Case No. 14-49516-659
ANNA M. AUSTIN,                                 )    Chapter 13
                                                )
        Debtors.                                )    **PUBLISHED**

## O R D E R

The matter before the Court is the Notice and Objection to Claim # 5, the United States of America's Response to Debtors' Objection to Internal Revenue Service's Proof of Claim, Brief in Support of Claim 5-1 Filed by the Internal Revenue Service, Debtors' Brief in Support of Their Objection to Claim #5 (5-1), Supplemental Citations and Briefing in Support of Claim 5-1 Filed by the Internal Revenue Service and Debtors' Supplemental Brief in Support of Their Objection to Claim #5 (5-1). A hearing was held on July 13, 2015, at which Debtors and the Internal Revenue Service appeared by counsel. Argument was presented, the opportunity for supplemental briefing was granted to both parties, and upon filing thereof, the matter was taken under submission. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

Debtors Scott S. Austin and Anna M. Austin (hereinafter "Debtors") filed a Voluntary Joint Petition under Chapter 13 of the Bankruptcy Code on December 8, 2014 (hereinafter "Petition Date"). The Internal Revenue Service (hereinafter "IRS") filed Amended Claim 5-2 on July 13, 2015, in the amount of $171,606.34 for unpaid income taxes, of which $153,294.75 is claimed as secured in Box 4. Debtors have valued their personal assets on Schedule B at $32,144.00. Debtors have also listed two pending Worker's Compensation Claims which Debtor Scott S. Austin is currently pursuing, at an "unknown" value. There is no dispute that the IRS may be secured by the proceeds of Debtor Scott S. Austin's Worker's Compensation Claims, even if the IRS is precluded by law from levying against the same. The only dispute is whether any value attributed

to the Worker's Compensation Claims should presently be excluded from a determination of the secured portion of the IRS's claim, or alternatively, if the present value of the Worker's Compensation Claims should be $0.

Debtors argue that under a Section 506(a)(2) analysis, the value of the unliquidated Worker's Compensation Claims as of the Petition Date is $0, therefore, the secured claim of the IRS must be limited to the value of Debtors' other personal assets. Debtors state in support of their position that no settlement offers have been made, and therefore, there is no basis by which Debtors can determine the replacement value of the Worker's Compensation Claims. Debtors express "serious reservations" about providing an estimated value of the Worker's Compensation Claims for purposes of valuing Claim 5-2 because this will affect the feasibility of any plan that Debtors propose. Further, Debtors question the result of this matter if Debtor Scott S. Austin declines to further pursue his Worker's Compensation Claims.

The IRS argues first that its claim should remain secured in the full amount included in Claim 5-2, and, if necessary, upon determination in the Worker's Compensation matters, the IRS will file an amended claim that accurately reflects any reduced security. Alternatively, the IRS argues that an estimated value should be attributed to the Worker's Compensation Claims which the IRS will adopt, and, upon liquidation of the Worker's Compensation Claims, the IRS will file an amended claim that accurately reflects any increase or decrease in security.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2014) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core and related proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (K) (2014). Venue is proper in this District under 28 U.S.C. § 1409(a) (2014).

## **CONCLUSIONS OF LAW**

The Court must determine whether the value of Debtor Scott S. Austin's unliquidated Worker's Compensation Claims should be excluded from consideration in the valuation of the IRS's secured claim, or alternatively, if the Worker's Compensation Claims should be valued at $0. The Court rules as follows.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "[a] proof of claim ... shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (2014). Filing an objection to a proof of claim "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *In re McDaniel,* 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001)(citing *In re Brown,* 82 F.3d 801, 805 (8th Cir. 1996)). "The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence." *In re Gran,* 964 F.2d 822, 827 (8th Cir. 1992)(citing *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988)(citation omitted)).

Section 6321 of Title 26 states that:

> If any person liable to pay any tax neglects or refuses to pay that same after demand, the amount (including any interest...) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C.§ 6321 (2014). Section 6334(7) of Title 26 exempts workmen's compensation from levy by the United States for unpaid taxes. 26 U.S.C. § 6334(7) (2014). A tax lien achieved through Section 6321 of Title 26 remains in effect irrespective of whether the securing property is exempt from levy. *U.S. v. Barbier,* 896 F.2d 377, 379 (9th Cir. 1990) (citations omitted); *Matter of Voelker,* 42 F.3d 1050, 1051-52 (7th Cir. 1994)*; In re O'Gorman-Sykes,* 245 B.R. 815, 819-20 (Bankr. E.D. Va. 1999).

Section 502 provides, in pertinent part that:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.
> ...
> (c) There shall be estimated for purpose of allowance under this section –
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case...

11 U.S.C. § 502 (2014).

Federal Rule of Bankruptcy Procedure 3012 states that "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim..." Fed. R. Bankr. P. 3012 (2014).

Section 506(a) states:

> (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. § 506(a) (2014).

This Court considers the reasoning of *In re Cumba,* a case cited by the IRS, to be informative. In that case, the U.S. Bankruptcy Court for the District of Puerto Rico determined that the liquidation analysis of Section 1325(a)(4), which is a requirement for confirmation, could not be performed due to the unknown value of the debtor's claim in a state court action, and therefore, the

plan could not be confirmed. See In re Cumba, 505 B.R. 110 (Bankr. D. P.R. 2014). The bankruptcy court instructed the debtor to assign a value to the state court claim on an amended Schedule B which would enable the Chapter 13 trustee to do the Section 1325(a)(4) analysis. Id. at 116-117.

As the movant, the burden is on Debtors to substantiate their objection to Claim 5-2 through production of substantial evidence. Debtors' argument that the Worker's Compensation Claims should be valued at zero lacks logic and consequently, lacks merit. The very fact that Debtor Scott S. Austin is pursuing these claims necessitates the conclusion that at least Debtor Scott S. Austin, and his Worker's Compensation Attorney, believe that there is some value in these claims. If indeed the value of the Worker's Compensation Claims is zero, then pursuit should have never been initiated, or, pursuit should long-ago have been abandoned. As such, on the Petition Date, there was value to these Worker's Compensation Claims. Debtors have not and cannot provide substantial evidence that the Worker's Compensation Claims are without value, and Debtors have declined to offer substantial evidence that the value of the Worker's Compensation Claims are less than the amount required to support the secured portion of Claim 5-2. Debtors have not produced substantial evidence to rebut the prima facie evidence of the validity and amount of Claim 5-2 of the IRS, and therefore Debtors' objection cannot be sustained.

This Court was not requested, and therefore it does not, value the secured claim of the IRS. The Court does not ascribe an estimated value to the same pursuant to Section 502(c), nor will the Court set an evidentiary hearing to hear testimony from Debtors' Worker's Compensation attorney and any other expert the parties deem appropriate to adduce an estimated value of the Worker's Compensation Claims, to the extent such a hearing would be necessary. Today, the matter is sufficiently resolved by overruling Debtors' objection.

The Court acknowledges that Debtors are now unlikely to propose a confirmable Chapter 13 plan. Debtors have expressed concern about the feasibility of any plan Debtors can propose

if the secured portion of Claim 5-2 is not reduced, which is the result upon entry of this Order. Further, if the Court today imposes an estimated value of the IRS's secured claim above a nominal amount, the only realistic hypothetical of any estimated value this Court would impose, likewise, Debtors will face feasibility issues in proposing a confirmable plan.  Similarly, if the Court allows Debtors to proceed with an estimated value of $0, an impossibility, and later upon liquidation of the Worker's Compensation Claims, allows the IRS to amend its claim, then Debtors will likely face feasibility issues at that time.[1]

This is a Catch-22 because Debtor Scott S. Austin will not receive any proceeds from the Worker's Compensation Claims until the matters are resolved, however, Claim 5-2 must incorporate a value for those very Worker's Compensation Claims through the secured portion of the IRS's claim, which in turn affects the minimum plan payment Debtors must make to propose a feasible plan.  Alas, Chapter 13 is not for everyone.  Therefore,

**IT IS ORDERED THAT** the Notice and Objection to Claim # 5 is **OVERRULED**.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:  September 18, 2015
St. Louis, Missouri

---

[1] The Court will not address Debtors' intimation that Debtor Scott S. Austin could decline to further pursue his Worker's Compensation Claims.

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Scott and Anna Austin
6691 Judy Ann Drive
Cedar Hill, MO 63016

Joshua Michael Jones
U.S. Attorney's Office
111 S. 10th Street
Suite 20.333
St. Louis, MO 63102

Adam Grissom Breeze
Zimmer Breeze, LLC
508 North Truman Boulevard - Suite E
Crystal City, MO 63019

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Jane Rund
U.S. Attorney's Office
111 South Tenth Street
St. Louis, MO 63102