UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| SCOTT S. AUSTIN, and ) | Case No. 14-49516-659 |
| ANNA M. AUSTIN, ) | Chapter 13 |
| ) | |
| Debtors. ) | **PUBLISHED** |

### O R D E R

The matter before the Court is Debtors' Notice and Objection to Claim # 5-3, Trustee's Response to Debtor's[sic] Objection to Claim 5-3 of the IRS, Response of the United States of America, on Behalf of the Internal Revenue Service, to Debtors' Objectino[sic] to Claim, Supplemental Response of the United States of America, on Behalf of the Internal Revenue Service, to Debtors' Objection to Claim, Affidavit of Michael Smallwood and Debtors' Reply Re: Objection to Claim # 5-3. A hearing was held on August 22, 2016, at which Debtors and the Internal Revenue Service appeared by counsel and presented oral argument and the matter was taken under submission. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Debtors Scott S. Austin and Anna M. Austin (hereinafter "Debtors") filed a Voluntary Joint Petition under Chapter 13 of the Bankruptcy Code on December 8, 2014 (hereinafter "Petition Date"). The Internal Revenue Service (hereinafter "IRS") filed its original claim on January 7, 2015. Debtors objected to the original claim of the IRS and argued that the Workers' Compensation Claim had a value of zero dollars. This Court rejected such arguments and determined that a zero dollar value lacked logic on the part of the Debtors. *In re Austin*, 538 B.R. 543, 546 (Bankr. E.D. Mo. 2015). Nonetheless, this Court left open the possibility that Debtors could produce evidence regarding the value of the worker's compensation claim for valuation purposes. *Id*. at 547. The IRS filed Amended Claim 5-3 (hereinafter the "Claim") on October 13, 2015, in the amount of

$171,606.34 for unpaid income taxes, of which $59,805.60 is claimed as secured, $91,587.67 is claimed as unsecured and $20,213.07 is claimed as priority. The IRS based the secured amount of the Claim on equity in Debtors' real property of $15,058.00 and value of personal property of $29,086.00 as listed on Debtors' Schedules A and B and the belief of the IRS that the settlement amount of the Workers' Compensation Claim of $15,661.00. In support of Debtors' present Objection to Claim # 5-3 (hereinafter " Objection to Claim"), Debtors have now provided the Affidavit of Michael Smallwood (hereinafter "Smallwood Affidavit"), Debtors' workers' compensation counsel, who values the Workers' Compensation Claim at $3,000.00 at the time Debtors' bankruptcy case was filed, and object to the amount of the secured claim of the IRS. The IRS argues that Debtors have yet again failed to produce substantial evidence in support of their objection and the value of the Workers' Compensation Claim.

The question before the Court is whether the Smallwood Affidavit stating that the Workers' Compensation Claim is valued at $3,000.00 at the time Debtors' bankruptcy case was filed is substantial evidence to support Debtors' Objection to Claim.

Federal Rule of Bankruptcy Procedure 3001(f) provides that, "[a] proof of claim . . . shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (2014). Filing an objection to a proof of claim "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence". *In re McDaniel*, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001) (citing *In re Brown*, 82 F.3d 801, 805 (8th Cir. 1996)). "The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to 'prove the validity of the claim by a preponderance of the evidence.'" *In re Gran*, 964 F.2d 822, 827 (8th Cir. 1992) (citing *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988) (citation omitted)). "'Substantial evidence' entails more than bare assertions of error." *In re Perron*, 474 B.R. 310, 313 (Bankr. D. Me. 2012) (citation omitted).

The IRS argues that the value of the Workers' Compensation Claim should be the amount that the claim settled for several months after Debtors' Petition Date. However, Section 502(b) states that "if such objection to claim is made, the court...shall determine the amount of such claim ...as of the date of the filing of the petition." 11 U.S.C. § 502(b) (2014). Thus, the date to determine the amount of the claim is the date the case was filed.

In the instant case, Debtors' Objection to Claim is supported by the Smallwood Affidavit evidencing the amount of the Workers' Compensation Claim at the time Debtors' bankruptcy case was filed. In the Smallwood Affidavit, Mr. Smallwod states that the Workers' Compensation Claim had a value of $3,000.00 on the Petition Date. Mr. Smallwood further states that at the time of the Petition Date, Debtor Scott S. Austin's employer had rejected all demands made for settlement and presented no compromise. Further, the Smallwood Affidavit states that Debtor Scott S. Austin required additional treatment for his injuries and discussions were ongoing with his employer as they awaited a doctor's report. The case remained pending for 14 months from May 24, 2016, the date of injury and was then settled for $21,488.00. Mr. Smallwood attests that at the time of the Petition Date the value of the claim was $3,000.00 and the reason that the case was settled for nearly a 30% increase from that amount was due to his continued efforts in prosecuting the case. Still, the IRS maintains its position that the Smallwood Affidavit does not substantiate Debtors' Objection to Claim.

Thus, the Court finds that the Smallwood Affidavit is substantial evidence proving the amount of the Workers's Compensation Claim as of the Petition Date. It confirms, from the attorney who litigated the matter himself, the value of the Worker's Compensation Claim as of the Petition Date. Furthermore, the IRS has not provided any additional evidence to prove why it believes the true value of the claim should be the actual settlement amount.

The Court finds that the value of the Worker's Compensation Claim is $3,000.00; thus, the IRS's secured claim will reduced by $12,661.00, and allowed for a total secured amount of $47,144.60. Therefore,

**IT IS ORDERED THAT** the Notice and Objection to Claim # 5-3 is **SUSTAINED** and Claim 5-3 is allowed in the total amount of $171,606.34, of which $47,144.60 is allowed as secured, $104,248.67 is allowed as unsecured and $20,213.07 is allowed as priority.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: July 24, 2017
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Adam Grissom Breeze
Galloway, Johnson, Tompkins, Burr & Smit
7800 Forsyth Boulevard
Suite 600
St. Louis, MO 63105

Joshua Michael Jones
U.S. Attorney's Office
111 S. 10th Street
Suite 20.333
St. Louis, MO 63102

Scott and Anna Austin
6691 Judy Ann Drive
Cedar Hill, MO 63016

Diana S. Daugherty
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Jane Rund
U.S. Attorney's Office
111 South Tenth Street
St. Louis, MO 63102